# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BRANDON CHARLES HOMER-EL, ) <br> SID # 06840119, ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> STATE OF TEXAS, ) <br>     Respondent. ) | No. 3:11-CV-0432-P (BH) <br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, a pretrial detainee currently incarcerated in the Dallas County Jail, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention in the Dallas County Jail in connection with Cause Nos. MA0944844 and MB0933712.  He names the State of Texas as respondent.

## II.  EXHAUSTION

Petitioner seeks habeas relief from his pretrial detention for an alleged unlawful arrest and because he has not indicted by a grand jury.  Section 2241 of Title 28 of the United States Code is the proper vehicle for such habeas action.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Lewis v. Bowles*, No. 3:01-CV-0049-M, 2002 WL 307442, at *1 (N.D. Tex. Feb. 21, 2002) (accepting recommendation of Mag. J.).  However, "to be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Based upon the record, petitioner is in custody but has not exhausted his state remedies.

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993). In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Montes v. Cornyn*, No. 4:02-CV-790-Y, 2002 WL 31495972, at *3 n.2 (N.D. Tex. Nov. 5, 2002) (adopting recommendation of Mag. J.). Although Texas provides available avenues to challenge pretrial detention, *see Montes*, 2002 WL 31495972, at *3 n.2 (noting that Tex. Code Crim. Proc. Ann. articles 11.08 and 11.09 provide a state habeas process for challenging pretrial detention of felony and misdemeanor charges); *Lewis*, 2002 WL 307442, at *2 (noting that a petition for writ of mandamus is an available state remedy to secure a speedy trial), petitioner has not pursued relief in state court on the matters raised in his petition (Pet. at 5, *see* www.dallascounty.org, search for petitioner's criminal background and www.cca.courts.state.tx.us, search for petitioner). Because he has not pursued relief through the state system, petitioner has not exhausted his state remedies.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See*

*Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.[1]

### III. RECOMMENDATION

The Court should **DISMISS** the petition filed pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust state court remedies.

**SIGNED this 4th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Because he alleges that the arresting officer violated his rights by racially profiling him and that the state trial judge also violated his civil rights, petitioner appears to attempt to raise civil rights claims under 42 U.S.C. § 1983 in addition to his habeas claims. (Pet. at 10). To the extent that he is seeks to raise anything other than habeas claims in his petition, he must raise those claims in a separate civil action under the appropriate statutes.

3